In re DE FORREST'S WILL.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—PETITION—DIS-
MISSAL.

Code Civ. Proc. § 2722, provides that, on the presentation to the surro-
gate of a petition for the payment of petitioner's claim against the estate
of a decedent, the petition must be dismissed where the executor files an
answer, duly verified, setting forth facts which show that it is doubtful
whether the claim is valid, and where it is not proved to the satisfaction
of the surrogate that there is property of the estate applicable to the pay-
ment of the claim, and which may be so applied without injuriously af-
fecting the rights of others entitled to priority. A petition recited a
contract between petitioner and testatrix for the payment of a certain sum
monthly to petitioner, and that during proceedings for the probate of the
will the executors agreed to continue the payments, and did so for a time,
and then refused to continue them. The verified answer of the executors
alleged that when they made the agreement they were not acquainted with
the contract, and did not know that it had been rendered void because peti-
tioner had violated conditions precedent and that petitioner had com-
menced an action to have the will declared void. The will was made part
of the answer, and showed the condition to be that petitioner should re-
main unmarried, and there was nothing to show she had married. It
was alleged that the will directed payment of the installment, but provid-
ed that no one contesting the will should receive any benefit thereunder.
Held, that the surrogate properly treated the answer as not showing any
defense to the claim, and a contention that the petition should have been
dismissed under the statute was without merit.

Appeal from Surrogate's Court, Rensselaer County.

Judicial proceedings in relation to the will of Mary T. De Forrest,
deceased. Appeal by the executor from a decree of the surrogate of
Rensselaer county directing them to pay certain claims of Mary De
Forrest, individually and as guardian of Eleanor E. De Forrest, an
infant. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG,
COCHRANE, and SEWELL, JJ.

John H. Burke (John B. Holmes, of counsel), for appellants.
Charles H. Bridge (Arthur L. Andrews, of counsel), for respondent.

JOHN M. KELLOGG, J. The executors contend that under the
provisions of section 2722 of the Code of Civil Procedure the sur-
rogate was required to dismiss the petition upon their answer. The
petition alleged an agreement dated January 14, 1898, by which
the testatrix, for a valuable consideration, agreed to pay $45 per month
to Mary M. De Forrest for her use, and the sum of $20 per month for
the use of her child, Eleanor E., the child to receive $45 per month
after she became 10 years of age; that she became 10 years of age
January, 1905; that the testatrix died January 3, 1905, and up to her
death had fulfilled the terms of the agreement and paid the sums
agreed; that, while proceedings were pending before the surrogate
for the probate of said will and the appointment of a temporary ad-
ministrator, an agreement was made by which the executors were
to continue said payments; that the will has been admitted to probate,
the executors have qualified, and the payments have been continued

by them down to July 3, 1906, since which time they have refused to pay. The verified answer denied, upon information and belief, that the agreement rested upon a valuable consideration, and alleged that it was made upon certain conditions to be kept by the said Mary M. De Forrest, without the performance of which it was expressly understood that there was to be no liability to make the monthly payments, and that the will directed payment of said monthly installments, stating that such provision was made for the purpose of carrying out said agreement; that, when the executors made the agreement to continue such payments after the testatrix's death, they believed the will to be valid, and had not seen the agreement, and were not conversant with its contents, and did not know that the same had been rendered inoperative, and that by reason of the said Mary M. De Forrest violating certain conditions which were a condition precedent to such monthly payments, and that since the will was admitted to probate the petitioners had commenced an action seeking to have it adjudged that the will and codicil were void, for the reason that they were obtained by the fraud, coercion, and undue influence of the said executors, who are the residuary legatees; that said action is still pending; that since making the stipulation for the payment of said moneys the executors have examined the contract, and have learned that the said Mary M. De Forrest had violated certain conditions thereof, which were conditions precedent to the right to receive such monthly payments, and that the executors intend to dispute the claim—and denies upon information and belief that the same is a legal charge against the estate of the testatrix.

The will and codicil is made a part of the answer, and we may fairly assume that the conditions contained in it with reference to the payment of said monthly installments are the same conditions mentioned in the contract, which contract was under seal. The only conditions mentioned in the will are that the said Mary M. De Forrest was to live and remain unmarried. The petition is verified by her then name, and there is no allegation that she is married. We may therefore assume that she has remained unmarried. That she is alive is proved by these proceedings. It is difficult, therefore, to see how she has violated any condition in the agreement to be performed by her. The will and codicil which give this large estate to the two executors does not describe them as relatives, but as friends and as cashiers of certain banks. We may infer those are the only relations they held to the aged testatrix. The will and the probate proceedings are made part of the answer, and undoubtedly those proceedings show clearly the relationship of the petitioners to the testatrix, and the fact that they have brought an action to set aside the will as a fraud upon them, together with the records before the surrogate, was clearly sufficient to establish that they as heirs at law and next of kin were entitled to a part or all of this estate if the testatrix died intestate. The codicil, which does not refer at all to the petitioners, or to the agreement with them, provides that, if any person who might be interested in her estate as next of kin should contest the will, they should receive no benefits under it. The surrogate is left entirely in doubt as to what facts the executors have discovered tending to show that this agreement

under which they had continued the payments for a long time has been violated by the petitioners. Perhaps they refer to the attempt by the petitioners to contest the will of the testatrix, and claim the forfeiture on that account mentioned in the codicil. But the forfeiture only purports to relate to benefits under the will, and could not affect payments under the contract.

The denial in the answer that the agreement was upon a valid consideration at first seems to have some force. But the subsequent allegation that the agreement was made upon conditions to be performed by the petitioners shows that the agreement was executory upon both sides, and therefore the promise of one party would be a sufficient consideration for the promise of the other, and the fact that the agreement was executed under seal imports a consideration, and is not overcome by a mere denial on information and belief after the executors had continued by agreement to make the payments mentioned in the agreement. There is an entire absence of statement of any fact tending to show that the executors have any reasonable defense to the claim of the petitioners. The surrogate was justified in treating the answer as evasive, and considering it as showing an earnest desire not to pay, rather than any facts justifying a defense to the action. Perhaps the refusal to make the monthly payments was considered one means of defending the action to set aside the will. Without a fuller statement of facts, when the will is attacked solely upon the ground that the executors themselves obtained it by fraud and undue influence, the surrogate could not well assume that the executors entertained a reasonable doubt about the validity of the will, and that they did not want to make the payments for fear that the will might be set aside. Furthermore, if the will were set aside, the payments would be fully protected, because the petitioners would then share largely in the estate as heirs at law, so that the executors and the estate itself were taking no risk by making the payments.

But it is alleged that the petition must be dismissed, as it does not appear that there is money applicable to the payment of the claim which may be applied without injuriously affecting the interests of others, as required by section 2722 above referred to. The surrogate holds a peculiar position with reference to estates administered through his office, and in a sense every step before him in the administration of an estate may be considered as one move in the one general proceeding for the administration of the estate; so that, when the surrogate is called upon to act in the administration of an estate, the records of his office under his immediate charge are before him and cannot be entirely disregarded. We may assume that an inventory of this estate was present before the surrogate. The executors, with full knowledge of the condition of this estate, had agreed to, and from time to time continued, the payments upon this claim, and when they discontinued them it was not upon the ground of want of funds, but another reason is stated. After having made such payments and treated the estate as sufficient for such payments, the surrogate was authorized to assume that the objections raised in the answer were the only objections relied upon by the executors, and that the funds of the estate were sufficient, so that these payments might be continued as

formerly without prejudice to the rights of any one. The surrogate was right in treating the answer as not showing or foreshadowing any defense to the plaintiff's claim, but as seeking merely to set up technical allegations by which the payments upon a just claim could be delayed, perhaps, to assist the executors in defending the action based upon allegations of their wrong.

The decree should be affirmed, with costs. All concur.