Matter of the Transfer Tax upon the Estate of
William Rowe, Deceased.*

(Surrogate's Court, Bronx County, June, 1918.)

**Transfer tax — motion to reopen a hearing on an appeal from order
assessing — records of Surrogate's Court.**

> Upon a motion made to reopen a hearing on an appeal from
> an order assessing a transfer tax it is not the duty of the sur-
> rogate to examine the records of his court and ascertain
> whether there is any other proceeding in the same estate in
> which documents filed might have a bearing upon the question
> before him, nor is it his duty to consider them in arriving at
> a conclusion, where such documents were neither before the
> appraiser in the proceedings to fix the tax nor presented to
> the court on the hearing of the appeal.

Proceedings on a motion to reopen a hearing on
appeal from an order assessing a transfer tax.

George W. Ellis, for appellant.

Sidney Rossman, Unger & Unger and John Boyle,
Jr., for State Comptroller, for respondents.

Max Bendit and John Davis, special guardians, for
infant respondents.

Schulz, S.   This motion is made to reopen the
hearing on an appeal from an order assessing a tax,
and asking that on such rehearing one Michael Lynch
be declared to have died before the death of William
Rowe, the decedent, intestate, and without issue.

It is based upon an affidavit in which the affiant
states that in the petition to judicially settle the
accounts of the administratrix of William Rowe, now
pending in this court, certain averments are contained

---

* See *Matter of Rowe,* 103 Misc. Rep. 111.—[Repr.

and affidavits referred to and one annexed, which prove that Michael Lynch predeceased the testator. One of these affidavits was made in the accounting proceeding and one in an action in the Supreme Court for the partition of the real estate of William Rowe, deceased; and so far as I can ascertain from the record in this proceeding none of these documents were before the appraiser nor were they presented to me upon the appeal. It is contended, in effect, that in deciding the appeal from the transfer tax order the surrogate should have considered the records in the accounting proceedings now pending, although the same were not offered in evidence in the transfer tax matter nor urged on the appeal, and *Matter of De Forest,* 119 App. Div. 784; affd., 189 N. Y. 544, is cited as authority for that contention.

I do not believe that the case in question goes quite so far as to hold that whenever a proceeding is brought in a Surrogate's Court it is the duty of the surrogate to examine the records of his court and ascertain whether there is any other proceeding in the same estate, in which any documents filed might have a bearing upon the question before him, and if there be such that he then consider such documents in arriving at a conclusion. If this were the fact, it would be unfortunate in my opinion. No litigant in the Surrogate's Court would be safe in making any application without first exhaustively examining the records of the court to see if there was anything on file that might be relevant to the matter under consideration and adverse to his contention. If an appeal were taken, unless the court in rendering its opinion gave the information, the appellant would not know what to print, because there might be records in the court of which he did not know, which were not in evidence and which the court nevertheless was obliged to con-

sider in determining the application. Such a condition of affairs would lead to endless confusion, uncertainty, and in many cases severe hardship. I have nevertheless examined the records of the accounting proceeding to which the affidavit refers and I have reached the conclusion that I would not be warranted in finding that Michael Lynch predeceased the decedent without granting to the parties interested an opportunity to be heard.

The proceeding before me was one involving the rate and amount of taxation, which required the fixing tentatively at least of the amount of the shares of the various parties. It so happens that the rate of taxation and the amount that the state will receive upon the transfer from the decedent's estate to his nephews, nieces, grandnephews and grandnieces, will be the same whether Michael Lynch survived or predeceased the decedent. In the former case, the tax would be paid out of his share, while in the latter, each of the nephews, nieces, grandnephews and grandnieces whose shares would be increased by his prior death would have to bear such tax to the extent of the increase.

In the accounting proceeding which is pending before me, all of the parties are represented either by attorneys or by special guardians, all of them will have a chance to be heard. In that proceeding the question whether or not Michael Lynch survived the decedent can be examined into, perhaps some witnesses produced and cross-examined, and the matter at least as satisfactorily disposed of as in this transfer tax proceeding, where the absentee is not represented. I am sure that the rights of all the parties, including that of the state, can be fully protected and served in the accounting proceeding. The motion is denied.

Motion denied.